# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERARD F. JACKSON, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| vs. | : | |
| | : | |
| TITAN GAS, LLC, d/b/a | : | |
| TITAN GAS AND POWER, and | : | |
| ALAN BINEY, individually, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1441, and in compliance with 28 U.S.C. § 1446, the Defendants, by and through the undersigned counsel, hereby remove this action from the Court of Common Pleas of Centre County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, the Defendants state as follows:

## I.    INTRODUCTION

1.    The Plaintiff, Gerard F. Jackson ("Mr. Jackson"), commenced this action in the Court of Common Pleas of Centre County, Pennsylvania, by filing a complaint against Titan Gas, LLC, d/b/a Titan Gas and Power ("Titan Gas") and Alan Biney ("Mr. Biney") (collectively, "Defendants"), at docket number 2018-

3871. Plaintiff asserts claims for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. A true and correct copy of the Complaint is attached hereto as Exhibit "1."

2. Defendants received service of the Complaint on October 4, 2018.

3. Removal to the United States District Court for the Middle District of Pennsylvania is proper because:

    A. This Court has original subject-matter jurisdiction (federal question) of this action because the claims involve alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

    B. This Court has original subject-matter jurisdiction (diversity) because (i) this is a civil action between citizens of different states and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;

    C. This Notice of Removal is filed within thirty days of October 4, 2018, the date on which the Defendants were served with the Plaintiff's Complaint; and

    D. This Court is the court whose territory embraces and includes the place where the state court action was filed.

  II. **STATEMENT OF GROUNDS FOR REMOVAL – FEDERAL QUESTION**

**A. Removal Is Proper Because this Matter Involves Claims Under a Federal Statute, Namely the Telephone Consumer Protection Act, 47 U.S.C. § 227.**

4. This case is removable based upon federal question jurisdiction.

5. Pursuant to 28 U.S.C. § 1331, "[T]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

the United States." *Id.*

6. Even if a suit involves both a federal question and an otherwise nonremovable claim, the entire suit is removable. 28 U.S.C. § 1441(c).

7. The Complaint sets forth a purported cause of action under the TCPA.

8. Specifically, the Plaintiff alleges that he received at least sixteen phone calls that violated the TCPA, and that he is "statutorily damaged" as a result of the alleged wrongful conduct. *Compl.* ¶¶ 26-27.

9. For these alleged violations, the Plaintiff seeks, *inter alia,* at least $24,000, plus treble damages.

10. A violation of the TCPA may be brought in a federal district court pursuant to federal question jurisdiction. *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-cv-2198, 2012 U.S. Dist. LEXIS 67016, at *1 (M.D. Pa. May 14, 2012).

11. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. As set forth above, this action is currently pending within this Court's territorial jurisdiction, in the Court of Common Pleas of Centre County, Pennsylvania.

13. For these reasons, this Court is the appropriate venue for removal of this action.

### III. STATEMENT OF GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

**A. Removal Is Proper Because this Matter Involves Claims Raising Diversity Jurisdiction.**

**1. Diversity of Citizenship Exists.**

14. This case is also removable based upon diversity jurisdiction.

15. Pursuant to 28 U.S.C. § 1332, "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *Id.*

16. This action is a civil action between citizens of different states, diversity of citizenship existed both at the time the suit was commenced and at the time of removal, and all Defendants join in the removal.

17. Plaintiff is a citizen of Pennsylvania.

18. Defendant Titan Gas is a limited liability company organized under the laws of Texas.

19. "The citizenship of a limited liability [company] for purposes of diversity jurisdiction is 'determined by the citizenship of each of its members.'" *Joyner v. Bulova Techs. Grp., Inc.*, No. 3:17-CV-1995, 2017 U.S. Dist. LEXIS 183057, at *7 (M.D. Pa. Nov. 6, 2017) (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)).

20. Titan Gas has three members, all of whom are citizens of Texas.

21. Accordingly, Titan Gas is a citizen of Texas.

22. Mr. Biney is a citizen of Texas.

23. Therefore, the Plaintiff is a citizen of a different state from all of the Defendants.

### 2. The Matter in Controversy Exceeds $75,000, Exclusive of Interest and Costs.

24. The matter in controversy exceeds the sum of the value of $75,000, exclusive of interest and costs.

25. The Plaintiff seeks damages in the amount of "at least $81,600.00." *Compl.* 14.

26. The Plaintiff also seeks exemplary damages. *Id.*

27. As stated previously, this is the district court of the United States for the district and division embracing the place where the action is pending, and Defendants are not citizens of Pennsylvania.

28. As set forth above, this action is currently pending within this Court's territorial jurisdiction, in the Court of Common Pleas of Centre County, Pennsylvania.

29. For these reasons, this Court is the appropriate venue for removal of this action.

## IV. REMOVAL IS TIMELY

30. Defendants were served with the Complaint on October 4, 2018.

31. This removal is filed on or before the thirty-day deadline of November 5, 2018.[1]

32. Therefore, this Notice of Removal is filed in a timely manner. *See* 28 U.S.C. § 1446(b).

## V. NOTICE TO ADVERSE PARTIES/ FILING WITH CLERK OF STATE COURT

33. Pursuant to 28 U.S.C. § 1446(d) and promptly after the filing of this Notice of Removal, the Defendants are giving written notice of removal to all adverse parties and filing a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Centre County, Pennsylvania. A copy of said notice to be filed is attached hereto as Exhibit "2."

34. The Defendants reserve, without admission, waiver, or relinquishment, all of their defenses to the Complaint.

---

[1] In actuality, thirty (30) days after Defendants received the complaint in the State Court Action is Saturday, November 3, 2018. However, because the deadline falls on a weekend, the deadline to remove is the following Monday, November 5, 2018.

## VI. <u>CONCLUSION</u>

35. For the reasons stated herein, the Defendants hereby remove this action from the Court of Common Pleas of Centre County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

*/s/ John W. Lhota*
David S. Gaines, Jr.
I.D. No. PA308932
John W. Lhota
I.D. No. PA 319466
MILLER, KISTLER & CAMPBELL
720 South Atherton Street, Suite 201
State College, PA 16801
814-234-1500 TEL
814-234-1549 FAX
dgaines@mkclaw.com
jlhota@mkclaw.com

Attorneys for Defendants

Dated: November 5, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD F. JACKSON, | : |
| Plaintiff, | : No. |
| vs. | : |
| TITAN GAS, LLC, d/b/a TITAN GAS AND POWER, and ALAN BINEY, individually, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, John W. Lhota, hereby certify that, on this fifth day of November, 2018, I served a copy of the foregoing Notice of Removal on Plaintiff by uploading the Notice to this Court's case management and electronic case filing system and depositing the same within custody of the United States Postal Service, First Class, postage prepaid, addressed as follows:

> Jeremy C. Jackson, Esquire
> Bower Law Associates
> 403 South Allen Street, Suite 210
> State College, PA 16801

*/s/ John W. Lhota*
John W. Lhota

Dated: November 5, 2018